UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL WHALEY,

      Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC

      Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Portfolio Recovery Associates, LLC, by and through its undersigned counsel and pursuant to Title 28, United States Codes, §§ 1331, 1441, and 1446, hereby files this Notice of Removal, and in support thereof, states as follows:

1. On or about July 10, 2023, Plaintiff initiated an action against Defendant in the County Court of the Fifth Judicial Circuit in and for Sumter County, Florida, Civil Division, Case Number 2023-CC-000726. A true and correct copy of the Sumter County Clerk of the Courts' docket is attached hereto.

2. A copy of Plaintiff's Complaint received by Defendant on July 18, 2023, is attached hereto along with all other filings Defendant obtained from the Sumter County Clerk of Courts.

3. The original Complaint alleged that Defendant violated the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 et seq. in its dealings with Plaintiff, however, the Complaint was not removable under 28 U.S.C. § 1441(a) because Plaintiff failed to allege any injury-in-fact to grant Article III standing under his federal claims (and standing under his state claims). This resulted in there not being a basis to claim subject matter jurisdiction in federal court for the original Complaint and prevented removal of it.

4. On or about August 30, 2023, Defendant timely filed a Motion to Dismiss Plaintiff's Complaint due to a lack of standing to bring forward his Florida Consumer Collections Practices Act (hereinafter "FCCPA"), Florida Statute § 559.72(18), and FDCPA claims. A true and correct copy of Defendant's Motion to Dismiss is attached hereto.

5. On or about November 27, 2023, Plaintiff filed an Amended Complaint against Defendant in the County Court of the Fifth Judicial Circuit in and for Sumter County, Florida, Civil Division, Case Number 2023-CC-000726. A true and correct copy of the Sumter County Clerk of the Courts' docket is attached hereto.

6. In the Amended Complaint, Plaintiff addressed the standing defect raised in Defendant's Motion to Dismiss and now pled injuries-in-fact in his FDCPA and FCCPA claims.

7. Under 28 U.S.C. § 1446(b)(3), Portfolio is entitled to remove Plaintiff's Amended Complaint because the initial pleading was not removable. The relevant subsection states:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

8. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As such, the United States District Courts have original jurisdiction over Plaintiff's FDCPA claims, as they arise under the Constitution, laws, or treaties of the United States. *Id*.

9. Portfolio is entitled to remove Plaintiff's FDCPA claims to this Court pursuant to 28 U.S.C. § 1441(a), which states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

10. Accordingly, Defendant is entitled to remove Plaintiff's FDCPA claims in his Amended Complaint to this Court because this Court has original jurisdiction

over these claims and the state court action filed by Plaintiff is currently pending in this District and Division. 28 U.S.C. § 1441(a).

11. Because Plaintiff's state law claims are also alleged to have arisen out of the same operative facts as the FDCPA claim, this Court will have supplemental or pendent jurisdiction over those claims.

12. A true and correct copy of this Notice of Removal was filed with the Clerk of the United States District Court within thirty (30) days after service of the Amended Complaint upon Defendant. 28 U.S.C. § 1446(b).

13. The Notice of Removal attached hereto will be promptly served on all adverse parties and filed with the Clerk of the State Court in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this case proceed in this Court as an action properly removed to it.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 7, 2023, a true and correct copy of this document was electronically filed via the Court's ECF Filing System. I further certify that this document was served via email on the following:

>Jennifer G. Simil, Esq.
>Jibrael S. Hindi, Esq.
>Gerald D. Lane, Jr., Esq.
>The Law Offices of Jibrael S. Hindi
>110 SE 6th Street, Suite 1744
>Fort Lauderdale, FL 33301
>jibrael@jibraellaw.com
>jen@jibraellaw.com
>gerald@jibraellaw.com
>ccelena@jibraellaw.com

>***s/ Robert E. Sickles, Esq.***
>Robert E. Sickles, Esq.
>Florida Bar No. 167444
>Bryan P. Hernandez, Esq.
>Florida Bar No. 1044055
>Robert.sickles@dinsmore.com
>Bryan.hernandez@dinsmore.com
>**DINSMORE & SHOHL LLP**
>201 North Franklin Street, Suite 3050
>Tampa, FL 33602
>Phone: (813) 543-9848
>*Counsel for Defendant*