# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

MICHAEL WHALEY,

      Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

      Defendant.
_____/

Case No. 5:23-cv-00707-JSM-PRL

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Portfolio Recovery Associates, LLC ("PRA"), by and through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint, states as follows:

### NATURE OF ACTION

1. This paragraph calls for a legal conclusion to which no response is required, to the extent that a response is required, denied.

2. This paragraph calls for a legal conclusion to which no response is required, to the extent that a response is required, denied.

3. This paragraph calls for a legal conclusion to which no response is required, to the extent that a response is required, denied.

4. Admitted that This Court has subject matter jurisdiction, otherwise denied.

5. Admitted that This Court has personal jurisdiction, otherwise denied.

6. Admitted as to the amount in controversy, however This Court's jurisdiction is based on 28 U.S.C. § 1331 due to Plaintiff's Fair Debt Collection Practices Act ("FDCPA") cause of action, otherwise denied.

7. Admitted venue is proper in This Court, otherwise denied.

8. This paragraph calls for a legal conclusion to which no response is required, to the extent that a response is required, denied.

## PARTIES

9. Admitted.

10. Admitted.

## DEMAND FOR JURY TRIAL

11. The Amended Complaint speaks for itself. Otherwise denied.

## FACTUAL ALLEGATIONS

12. This paragraph calls for a legal conclusion to which no response is required, to the extent that a response is required, denied.

13. This paragraph calls for a legal conclusion to which no response is required, to the extent that a response is required, denied.

14. This paragraph calls for a legal conclusion to which no response is required, to the extent that a response is required, denied.

15. Without knowledge and therefore denied.

16. This paragraph calls for a legal conclusion to which no response is required, to the extent that a response is required, denied.

17. This paragraph calls for a legal conclusion to which no response is required, to the extent that a response is required, denied.

18. Denied.

19. Denied.

20. Denied.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. This paragraph calls for a legal conclusion to which no response is required, to the extent that a response is required, denied.

28. Without knowledge and therefore denied.

29. This paragraph calls for a legal conclusion to which no response is required. To the extent that a response is required, admitted that in certain circumstances prescribed by statute that Defendant is a "debt collector" under 15 U.S.C. 1692a, otherwise denied.

30. The statute speaks for itself.

31. This paragraph calls for a legal conclusion to which no response is required, to the extent that a response is required, denied.

32. This paragraph calls for a legal conclusion to which no response is required. To the extent that a response is required, admitted that in certain circumstances prescribed by statute that Defendant is a "debt collector" under 15 U.S.C. 1692a.

33. Admitted that an email was purportedly sent after hours on a weekend on June 25, 2023, PRA notes reflect receipt on June 29, 2023, and that the email speaks for itself.

34. Exhibit "A" speaks for itself.

35. This paragraph calls for a legal conclusion to which no response is required, to the extent that a response is required, denied.

36. This paragraph calls for a legal conclusion to which no response is required, to the extent that a response is required, denied.

37. This paragraph calls for a legal conclusion to which no response is required, to the extent that a response is required, denied.

38. Admitted that the notice contains the name of Plaintiff's attorney name.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

### COUNT 1: VIOLATION OF FLA. STAT. § 559.72(18)

48. Defendant incorporates its responses to paragraphs 1 through 47 as fully set forth herein.

49. The Florida Statute speaks for itself.

50. Denied.

51. Denied.

52. Denied.

## COUNT 2: VIOLATION OF 15 U.S.C. § 1692c(a)(2)

53. Defendant incorporates its responses to paragraphs 1 through 47 as fully set herein.

54. The federal statute speaks for itself.

55. Denied.

56. Denied.

## Jury Demand and Prayer for Relief

Wherefore, Defendant respectfully requests that this Court enter a Judgment in its favor, award Defendant its attorneys' fees and costs if the statutory conditions of the FDCPA and FCCPA for such an award are met and for such further relief as this Court deems just and proper.

## First Affirmative Defense

To the extent that Plaintiff establishes a violation of the FDCPA based on the facts alleged by Plaintiff, then Defendant is still not liable for such FDCPA violation because the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## Second Affirmative Defense

To the extent that Plaintiff establishes a violation of the FCCPA based on the facts alleged by Plaintiff, then Defendant is still not liable for such FCCPA violation

because the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### Third Affirmative Defense

To the extent that Plaintiff seeks the recovery of any actual damages, such damages were caused by superseding or intervening causes or caused by the actions of third parties that are not parties to this action.

### Fourth Affirmative Defense

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 14, 2023, a true and correct copy of this document was electronically filed via the Court's ECF Filing System. I further certify that this document was served via email on the following:

>Jennifer G. Simil, Esq.
>Jibrael S. Hindi, Esq.
>Gerald D. Lane, Jr., Esq.
>The Law Offices of Jibrael S. Hindi
>110 SE 6th Street, Suite 1744
>Fort Lauderdale, FL 33301
>jibrael@jibraellaw.com
>jen@jibraellaw.com
>gerald@jibraellaw.com
>ccelena@jibraellaw.com

>*s/ Robert E. Sickles, Esq.*
>Robert E. Sickles, Esq.
>Florida Bar No. 167444
>Bryan P. Hernandez, Esq.
>Florida Bar No. 1044055
>Robert.sickles@dinsmore.com
>Bryan.hernandez@dinsmore.com
>**DINSMORE & SHOHL LLP**
>201 North Franklin Street, Suite 3050
>Tampa, FL 33602
>Phone: (813) 543-9848
>*Counsel for Defendant*